CIVIL SUIT NO.: 41,883

SUCCESSION OF TOMMIE SANDERS

VERSUS

WALMART, INC.

28TH JUDICIAL DISTRICT COURT

PARISH OF LASALLE

STATE OF LOUISIANA

## ANSWER TO PETITION FOR DAMAGES AND REQUEST FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, comes defendant, Walmart, Inc., ("Walmart" or "defendant"), in answer to the Petition for Damages of plaintiff respectfully represents that:

1.

Walmart, Inc., admits it has been named a defendant herein; however, no liability is admitted thereby.

2.

Admitted.

3.

The allegations of Paragraph 3 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

4.

Denied.

5

The allegations of Paragraph 5 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

6

The allegations of Paragraph 6 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

1


EXHIBIT B

9.

The allegations of Paragraph 9 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 of the Petition for Damages do not require a response from Walmart.

13.

Denied.

14.

Denied.

15.

Denied.

16.

The allegations of the "Wherefore" paragraph of the Petition for Damages are denied.

## AFFIRMATIVE DEFENSES

AND NOW FURTHER ANSWERING, defendant states as follows:

17.

The incident complained of was in no way caused or contributed to by any fault or negligence on the part of the defendant or on the part of anyone for whom it may be responsible.

18.

The incident complained of was caused or contributed to by others for whom defendant has no responsibility.

19.

The sole cause of any accident or injuries was due to the negligence and/or comparative negligence of Tommie Sanders, barring and/or diminishing any recovery herein, in the following

non-exclusive particulars:

a. Failing to see what should have been seen;

b. Acting in a careless and reckless manner without due regard for her own safety and well-being; and

c. Failing to exercise due caution for her own well-being and safety.

20.

Defendant affirmatively alleges that Tommie Sanders failed to mitigate her damages.

21.

Defendant is entitled to a credit or setoff for any and all medical bills it may have paid to or on behalf of Tommie Sanders in the past or in the future.

22.

Defendant further shows that, in the alternative, if any of the parties or their insurers designated as defendant herein settles their respective liability with plaintiff, then defendant is entitled to a credit as well as a reduction in the dollar amount of any judgment rendered based upon the proportionate degree of fault assigned and attributable to said other defendant or defendants.

23.

Alternatively, and only in the event that Tommie Sanders' negligence is not found to have been the sole and proximate cause of any injury sustained herein, which is specifically denied, then, in that event, defendant shows that any recovery had by plaintiff herein should be reduced by a percentage of fault applicable to Tommie Sanders' negligence or fault, which is specifically asserted herein, or that of third parties and defendant specifically pleads the benefits of La. Civ. Code Arts. 2323 and 2324.

24.

Plaintiff has no proof or evidence that Tommie Sanders' death is related in any way to her alleged accident at the Walmart Store.

25.

Defendant requests a trial by jury.

**WHEREFORE**, defendant, Walmart, Inc., prays that this answer be deemed good and sufficient and after due proceedings had, there be judgment herein in favor of defendant, dismissing plaintiff's suit with prejudice at plaintiff's cost and for all other just and equitable relief.

3

Defendant further requests a trial by jury.

Respectfully Submitted,

**CHADWICK & ODOM, LLC**

_____
R. O'Neal Chadwick, Jr. (#19517)
Gregory B. Odom, II (#33470)
Post Office Box 12114
Alexandria, LA 71315
Telephone: (318) 445-9899
Facsimile: (318) 445-9470
Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served on all counsel of record by depositing same in the United States mail, properly addressed and postage prepaid, or by fax or email, the 23 day of September, 2020.

_____
R. O'Neal Chadwick, Jr.

CIVIL SUIT NO.: 41,883    DOCKET NO. 4883

SUCCESSION OF TOMMIE SANDERS     28TH JUDICIAL DISTRICT COURT

VERSUS     PARISH OF LASALLE

WALMART, INC.     STATE OF LOUISIANA

## JURY ORDER

HAVING CONSIDERED the foregoing:

IT IS HEREBY ORDERED that the above matter shall be tried before a jury upon defendant furnishing bond or cash as required by law within the deadlines set by law.

Lasalle Parish, Louisiana, this ___ day of _____, 2020.

_____
28th Judicial District Court, Judge

Respectfully Submitted,

**CHADWICK & ODOM, LLC**

_____
R. O'Neal Chadwick, Jr. (#19547)
Gregory B. Odom, II (#33470)
Post Office Box 12114
Alexandria, LA 71315
Telephone: (318) 445-9899
Facsimile: (318) 445-9470
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served on all counsel of record by depositing same in the United States mail, properly addressed and postage prepaid, or by fax or email, the 23rd day of September, 2020.

_____
R. O'Neal Chadwick, Jr.

|  |  |
|---|---|
| **CIVIL SUIT NO.: 41,883** | DOCKET NO. 41883 |
| **SUCCESSION OF TOMMIE SANDERS** | **28TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | **PARISH OF LASALLE** |
| **WALMART, INC.** | **STATE OF LOUISIANA** |

2021 SEP 25 PM 12: 21

### REQUEST FOR NOTICE

Defendant, Walmart, Inc., through undersigned counsel, in accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, hereby requests written notice by mail of the date and time fixed for any trial or hearing related to the above numbered and captioned matter, whether for exceptions, rules, trial on the merits, or any other proceedings.

In accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, written notice is also requested of the signing of any order or judgment relating to any matter, interlocutory or final, in the above numbered and captioned matter.

Respectfully Submitted,

**CHADWICK & ODOM, LLC**

R. O'Neal Chadwick, Jr. (#19517)
Gregory B. Odom, II (#33470)
Post Office Box 12114
Alexandria, LA 71315
Telephone: (318) 445-9899
Facsimile: (318) 445-9470
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served on all counsel of record by depositing same in the United States mail, properly addressed and postage prepaid, or by fax or email, the 23rd day of September, 2020.

R. O'Neal Chadwick, Jr.

1